UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

SONIA COLE,

        Plaintiff,

-v-

JUDGE U. LEVERETT,

        Defendant.
-----------------------------------------------------------x

SONIA COLE,

        Plaintiff,

-v-

JUDGE A. KATZ,

        Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
04-CV-5216 (CBA)

04-CV-5217 (CBA)

AMON, Chief Judge.

    On November 29, 2004, plaintiff Sonia Cole, appearing *pro se,* filed these actions against two Housing Court Judges, alleging that they failed to properly discharge their judicial duties when they did not prevent plaintiff's eviction from her home. By Memorandum and Order dated December 9, 2004, this Court and dismissed both complaints as barred by absolute immunity.

    More than seven years later, plaintiff now seeks to reopen both actions. Although the basis of her motions are difficult to discern, the Court liberally construes the submissions as motions for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The motions for reconsideration are consolidated solely for the purpose of this order, and denied as time-barred and lacking in merit.

1

## DISCUSSION

Rule 60(b) permits a court, in its discretion, to rescind or amend a final judgment or order in limited circumstances. The rule states in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . .." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Cole's motion for reconsideration under Rule 60(b) fails to point to any authority or evidence that the Court overlooked in dismissing her action. To the contrary, plaintiff once again appears to argue that the foreclosure and subsequent eviction from her home was unjust. Cole has not provided any arguments that fall into any of the enumerated grounds for relief, nor does she present "extraordinary circumstances" justifying relief under the catch-all provision of Rule 60(b)(6).

Moreover, Rule 60(b) requires that a motion under subsections (1), (2) and (3) be made

within one year of the order's entry. See Fed.R.Civ.P. 60 (c)(1). Cole filed the motions seven years after the Court's order dismissing her actions, and thus any attempt to bring a motion for reconsideration under Rule 60(b) subsections (1), (2) or (3), is clearly time-barred. See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."). Finally, as previously noted, plaintiff fails to provide any facts to show that reconsideration is warranted under Rule 60 (b)(4), 60(b)(5), or 60(b)(6).

## CONCLUSION

Plaintiff's motions for reconsideration under Rule 60(b) are denied as time-barred and lacking merit. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 15, 2012

/Signed by Chief Judge Carol B.

Carol Bagley Amon()
United States District Judge